THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. HECTOR DeJESUS, Respondent-Appellant.

Fifth District    No. 5—93—0507

Opinion filed June 24, 1994.

Penelope S. Karnes, Jeff M. Plesko, and John B. Lower, all of Guardianship and Advocacy Commission, of Anna, for appellant.

Darrell Williamson, State's Attorney, of Chester (Norbert J. Goetten, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

On June 17, 1993, a petition for administration of psychotropic medication was filed against Hector DeJesus (respondent) in the circuit court of Randolph County. The petition alleged, *inter alia*, that: (1) respondent had a "serious mental illness/developmental disability"; (2) respondent had refused to receive psychotropic medication; (3) respondent exhibited "deterioration of his *** ability to function, suffering[;] or threatening or disruptive behavior"; (4)

respondent's illness or disability had existed "for a period marked by the continuing presence of such deterioration"; (5) the benefits of the psychotropic medication would outweigh the harm; (6) respondent lacked the capacity to make a reasoned decision about the medication; (7) other less restrictive services were explored and found inappropriate; and (8) respondent would remain unfit to stand trial (on an attempted murder charge) without treatment. The petition sought an order authorizing the clinical staff at Chester Mental Health Center to administer psychotropic medication to respondent for a period up to 90 days.

A hearing on the petition was scheduled for June 23, 1993. Respondent was given notice of the hearing, and counsel was appointed. At the inception of the hearing held on June 23, 1993, respondent requested a jury trial. In response, the assistant State's Attorney stated that he was "unaware of any right to a jury trial on an enforced [sic] medication petition." The trial court agreed and denied respondent's request for a jury trial.

Dr. R.K. Gupta, a psychiatrist at the Chester Mental Health Center, was the only witness called in support of the petition. Dr. Gupta testified, inter alia, that: (1) he had been treating respondent since February 1993; (2) respondent was found unfit to stand trial and had been hospitalized since September 1992; (3) in his opinion, respondent suffered from delusional disorder, persecutory type; (4) he had not prescribed psychotropic medication for respondent because respondent had objected; (5) he wanted to prescribe long-acting Haldol; (6) respondent exhibited signs of deterioration in his ability to function and disruptive behavior; (7) the symptoms of respondent's illness were uncooperativeness, hostility, anger, and an inability to remain calm; (8) the benefits of the psychotropic medication outweighed any harm; and (9) respondent lacked any capacity to make a reasoned decision about the medication.

The trial court found that respondent had a serious mental illness and ordered that it was in his best interests that he be administered psychotropic medications. On July 27, 1993, respondent filed a pro se notice of appeal. On August 11, 1993, this court entered an order appointing counsel. On August 27, 1993, this court granted respondent leave to file a late notice of appeal. Respondent raises the following two issues on appeal: (1) whether the trial court erred in denying his right to a jury trial and (2) whether the State failed to present clear and convincing evidence that other less restrictive services were explored and found inappropriate as required by section 2—107.1(d)(6) of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/2—107.1(d)(6) (West 1992)).

■ The requirements for administering psychotropic medications against a person's will are outlined in section 2—107.1 of the Code. Subparagraph (c) of section 2—107.1 provides: "Unless otherwise provided herein, the procedures set forth in Article VIII of Chapter 3 of this Act, including the provisions regarding the appointment of counsel, shall govern hearings held under this Section." (405 ILCS 5/2—107.1(c) (West 1992).) Article VIII of chapter 3 of the Code, as referred to in subparagraph (c), provides in part: "The respondent is entitled to a jury on the question of whether he is subject to *involuntary admission*. The jury shall consist of 6 persons to be chosen in the same manner as are jurors in other civil proceedings." (Emphasis added.) (405 ILCS 5/3—802 (West 1992).) Section 3—802 was enacted in 1979; section 2—107.1 was enacted in 1991. 405 ILCS 5/2—107.1, 3—802 (Smith-Hurd 1993).

In *In re Brazelton* (1993), 245 Ill. App. 3d 1028, 615 N.E.2d 406, the appellate court held that a respondent has a right to a jury trial under section 2—107.1 on the issue of the involuntary administration of psychotropic medication. The State urges this court not to follow *Brazelton* because, in the State's opinion, it was wrongly decided. Because we believe that *Brazelton* was properly decided, we decline the State's invitation not to follow *Brazelton*. We therefore hold that respondent has the right to a jury trial under section 2—107.1 on the issue of whether he should be involuntarily administered psychotropic medication.

●2 Our resolution of the first issue on a statutory basis renders it unnecessary for us to consider the respondent's right to a jury trial under State and Federal constitutional provisions guaranteeing the right to trial by jury. Lastly, in regards to the second issue presented for appeal, we note that the State failed to present clear and convincing evidence that other less restrictive services were explored and found inappropriate. See 405 ILCS 5/2—107.1(d)(6) (West 1992).

For the foregoing reasons, the order of the circuit court of Randolph County is hereby reversed, and this cause is remanded with directions to grant respondent a jury trial.

Reversed and remanded with directions.

CHAPMAN and MAAG, JJ., concur.